United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41035 c/w
No. 04-41110
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE DAHYL BRADSHAW,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-176-1 c/w
USDC No. 5:02-CR-1341-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Willie Dahyl Bradshaw appeals

the sentence imposed after his 2004 conviction for transporting

an undocumented alien and the order revoking the supervised

release imposed as part of his sentence for a 2002 conviction for

violating the same statute.  We affirm.

Bradshaw argues for the first time on appeal that his

sentence in the 2004 matter was invalid in light of *United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Booker*.[1]  We review for plain error.[2]  To show plain error, Bradshaw must show that his substantial rights were affected by demonstrating that there is a reasonable probability that the district court would have imposed a different sentence had it sentenced under an advisory Guidelines regime.[3]  Bradshaw has not made that showing here.  The district court did not impose the lowest sentence it could have within the Guidelines range, and there is no evidence that the court thought the sentence imposed was too severe.[4]

Alternatively, Bradshaw argues that the error affected his substantial rights because it was structural or because prejudice should otherwise be presumed.  This argument is foreclosed by our prior precedent.[5]  Accordingly, Bradshaw's sentence is AFFIRMED.

Bradshaw also argues that the district court violated his due process rights, codified in FED. R. CRIM. P. 31.1, when it revoked his supervised release without, *inter alia*, proper notice, a hearing, or written findings.[6]  We review the district court's decision to revoke supervised release for abuse of

---

[1] 125 S.Ct. 738 (2005).

[2] *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732-33 (5th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

[3] *Mares*, 402 F.3d at 521.

[4] *See id.; United States v. Bringier*, 405 F.3d 310, 317-18 (5th Cir. 2005).

[5] *See United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir. 2005).

[6] *See Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

discretion.[7]  Although the district court may have erred in not following the requirements of FED. R. CRIM. P. 31.1, any such error was harmless.[8]  Bradshaw stipulated to and plead guilty to the offense underlying the 2004 conviction.  The offense was punishable by up to 10 years of imprisonment.[9]  Therefore, the court had no choice but to revoke his supervised release.[10]  The court's order revoking supervised release is AFFIRMED.

We AFFIRM the sentence in No. 04-41035 and AFFIRM the order revoking supervised release in No. 04-41110.

---

[7] *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

[8] *See United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

[9] 8 U.S.C. § 1324(a)(1)(B)(i).

[10] U.S.S.G. §§ 7B1.1(a)(2), 7B1.3(a)(1); *see United States v. Kindred*, 918 F.2d 485, 488 (5th Cir. 1990) (affirming revocation of supervised release where the evidence at the revocation hearing overwhelmingly established a violation of the defendant's supervised release and revocation was mandatory); *United States v. Hinson*, 429 F.3d 114, 116-17 (5th Cir. 2005) (holding that Booker did not alter prior law requiring a judge to find by a preponderance of the evidence that the defendant violated a condition of release).